Filed 04/17/25

| | | |
|---|---|---|
| **VERMONT SUPERIOR COURT**<br>Washington Unit<br>65 State Street<br>Montpelier VT 05602<br>802-828-2091<br>www.vermontjudiciary.org |  | **CIVIL DIVISION**<br>Case No. 24-CV-04273 |

---

Juliet Stephens v. Shannon Gilmour et al

---

Opinion and Order on
(1) Ms. Stephens' Motion to Dismiss Complaint Against M.G. (filed Feb. 5, 2025);
(2) Ms. Gilmour's "Cause as to Why M.G.'s Counterclaims
should not be Dismissed" (filed Feb. 6, 2025);
(3) Ms. Stephens' Motion to Dismiss Counterclaims (of M.G.) (filed Feb. 7, 2025);
(4) Ms. Gilmour's Motion to Set Aside Dismissal (filed Feb. 11, 2025);
(5) Ms. Stephens' Motion for Immediate Hearing (filed Feb. 18, 2025); and
(6) M.G.'s Motion to Clarify (filed Feb. 27, 2025)

This is a residential landlord–tenant case in which Plaintiff–Landlord Juliet Stephens is seeking to evict Defendants Shannon Gilmour and her minor daughter, M.G., from the home that Ms. Stephens owns and where all three reside in shared living space. Ms. Stephens named M.G., 12 years old at the time, as a formal party to this case and had her served with process, in response to which Ms. Gilmour, a nonlawyer, purported to file an answer and counterclaim on M.G.'s behalf. The Court explained in its January 8, 2025, decision, among other things, that Ms. Gilmour, herself appearing in this case pro se, cannot provide legal representation for M.G. The Court also explained that M.G. was not a necessary party to afford relief in this matter. The Court gave Ms. Gilmour 30 days to obtain counsel for M.G. or to show cause why M.G.'s counterclaim should not be dismissed. The parties have filed numerous motions since. The Court determines as follows.

(1) <u>Ms. Stephens' Motion to Dismiss Complaint Against M.G. (filed Feb. 5, 2025)</u>

In response to the Court's January 8 decision, Ms. Stephens—noting her view that there was nothing improper in naming M.G. a defendant in this case—acknowledges that there was no necessity to do so and seeks an order allowing her to dismiss voluntarily the claims against M.G. under Vt. R. Civ. P. 41(a)(3). There is no opposition. This motion is granted.

(2) <u>Ms. Gilmour's "Cause as to Why M.G.'s Counterclaims should not be Dismissed" (filed Feb. 6, 2025)</u>

Just shy of 30 days after the Court's January 8 decision, Ms. Gilmour filed her response to the Court's order to show cause, no lawyer yet having appeared for M.G. In that filing, she describes that has been diligently seeking to obtain pro bono or low bono counsel and had not yet been successful. This portion of her filing can be construed as a request for more time to find counsel. That request is granted: time to obtain counsel is extended to the date of Attorney Andersen's notice of appearance.

The balance of this 68-page filing is argument in support of the substance of M.G.'s counterclaims. This reflects a misunderstanding of the order to show cause. The January 8 decision is clear that Ms. Gilmour cannot provide legal representation to M.G. She was ordered to obtain counsel *or* show cause why M.G.'s claims should not be dismissed. The Court was not directing Ms. Gilmour to provide the legal representation to M.G. that it just explained she could not. The intention was to give Ms. Gilmour a first opportunity, in the event M.G. did not obtain counsel, to explain why M.G. should be able to appear without counsel. Because Ms. Gilmour cannot act as M.G.'s counsel, the Court declines to address the balance of this filing that consists of legal argument in

support of the substance of M.G.'s claims. The balance of the motion, therefore, is denied.

    (3) <u>Ms. Stephens' Motion to Dismiss Counterclaims (of M.G.) (filed Feb. 7, 2025)</u>

    Ms. Stephens then filed a motion to dismiss counterclaims asserted by M.G. She maintains that they are identical to certain of Ms. Gilmour's claims that the Court earlier dismissed for failure to state a claim. This motion is denied. M.G. currently has no ability to litigate. The matter of her legal representation must be resolved first.

    (4) <u>Ms. Gilmour's Motion to Set Aside Dismissal (filed Feb. 11, 2025)</u>

    Ms. Gilmour then filed a motion to "set aside dismissal." The Court understands this motion to reflect a misunderstanding that Ms. Gilmour's "Cause" was filed late, and the lateness automatically triggered the dismissal of M.G.'s claims. This motion is denied. By the Court's count, the Cause filing was timely, and there was no dismissal entered to now set aside. Moreover, the Court has construed the "Cause" filing to be a timely request for more time to obtain counsel.

    (5) <u>Ms. Stephens' Motion for Immediate Hearing (filed Feb. 18, 2025)</u>

    Next, Ms. Stephens filed a motion requesting that the Court set this case for trial as soon as possible. Ms. Gilmour has objected that she needs time for discovery first. This matter has, however, been pending for over 6 months, and Ms. Gilmour has had that period within which to do whatever discovery she thinks may be necessary. She did not explain in her filing what discovery remains to be done and why she has not already had a fair opportunity to seek it. This motion is granted. This case will be set for trial. If Ms. Gilmour needs more discovery, she may complete it prior to trial.

(6) <u>M.G.'s Motion to Clarify (filed Feb. 27, 2025)</u>

Finally, on February 27, Attorney Austin Andersen filed a notice of limited (and, apparently, contingent) appearance on behalf of M.G. and a motion to clarify. The notice of appearance is limited to filing the motion to clarify. The notice provides:

> 1. If this Court maintains M.G.'s party status pursuant to Ms. Gilmour's motion filed on February 18, 2025, a separate Notice of Limited Appearance will be filed by defense counsel to notify the Court of the scope of that subsequent limited appearance.
>
> 2. If the Court dismisses M.G. as a party in this docket pursuant to its Opinion and Order, filed January 8, 2025, and/or Plaintiff's Motion to Dismiss Complaint Against M.G., filed February 5, 2025, defense counsel respectfully requests to withdraw this limited appearance in the above captioned docket pursuant to V.R.C.P. 79.1(h)(3).

In the motion to clarify, counsel requests that the Court rule on the substantive legal arguments that Ms. Gilmour included in her February 18, 2025, opposition to Ms. Stephens' motion to dismiss M.G.'s claims. At same time, counsel says he "is not endorsing nor otherwise adopting any of the arguments made by Ms. Gilmour in the aforementioned February 18th motion, or any other motion filed in this docket." He also asserts that he is "reserving argument on M.G.'s behalf, in support of her continued party status in this matter, on account of the pleadings deadline being closed."

It is entirely unclear what clarification Attorney Andersen is seeking. The Court has made plain that Ms. Gilmour cannot herself be M.G.'s legal representative. Attorney Andersen appears, in his notice of appearance, to be asking the Court to maintain "M.G.'s party status" due to Ms. Gilmour's substantive arguments about those claims whereas the Court has made clear that it will not address arguments made by her in support of M.G.'s claims. And if the Court then presumably determines M.G.'s party status somehow prior to know whether she has counsel, Attorney Andersen proposes to

file a new limited notice of appearance the scope of which would only be explained in the future.

The issue of M.G.'s lack of an attorney is a straightforward matter. She cannot continue in this case without one. The issue of missing legal representation appears to be no more sorted out now than before Attorney Andersen's "appearance."

The Court declines to permit this issue to drag this case out any longer. The parties' living situation is tense; both represent that it is extreme stressful. As the Court explained in its dismissal decision, there was no need for M.G. to be named a formal party in this case. None of the claims that Ms. Gilmour has improperly attempted to assert on M.G.'s behalf would operate as defenses to eviction. M.G.'s presence in this case has accomplished nothing other than delay and unnecessary and expenses for the parties, all in opposition to the fundamental interests in the "just, speedy, and inexpensive determination of every action." Vt. R. Civ. P. 1.

The Court has intrinsic and "discretionary authority to control its docket to preserve judicial resources and ensure efficient disposition of cases." *In re Snowstone, LLC Act 250 Jurisdictional Opinion*, 2021 VT 72A, ¶ 24, 216 Vt. 216, 225. The Court has granted additional time in this matter. The Court is not satisfied that Ms. Gilmour has effectively obtained counsel for M.G. to pursue her claims in this case in response to the Court's January 8 decision, further delay is unwarranted and would be prejudicial. Further, dismissing M.G.'s claims without prejudice permits her to bring them separately in a new action if the determination is made to do so and she can obtain counsel to endorse such claims. For those reasons, M.G.'s claims are dismissed. M.G.'s motion for clarification is denied.

<u>Summary</u>

For the foregoing reasons:

(1) Ms. Stephens' Motion to Dismiss Complaint Against M.G. (filed Feb. 5, 2025) is granted;

(2) Ms. Gilmour's "Cause as to Why M.G.'s Counterclaims should not be Dismissed" (filed Feb. 6, 2025) is granted in part and otherwise denied. The time to obtain counsel is extended to the date of Attorney Andersen's notice of appearance.

(3) Ms. Stephens' Motion to Dismiss Counterclaims (of M.G.) (filed Feb. 7, 2025) is denied;

(4) Ms. Gilmour's Motion to Set Aside Dismissal (filed Feb. 11, 2025) is denied;

(5) Ms. Stephens' Motion for Immediate Hearing (filed Feb. 18, 2025) is granted;

(6) M.G.'s Motion to Clarify (filed Feb. 27, 2025) is denied.

(7) M.G.'s claims against Ms. Stephens are dismissed without prejudice. All claims asserted by and against M.G. in this case now having been dismissed, M.G. no longer remains a putative party to this case.

(8) This case will be set for a pretrial conference and trial on the remaining claims.

Electronically Signed on April 17, 2025, per V.R.E.F. 9(d)

Timothy B. Tomasi
Superior Court Judge